Leonard J. **WILLIAMS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16032.

United States Court of Appeals
Fifth Circuit.

June 15, 1956.

Rehearing Denied July 31, 1956.

No appearance entered for appellant.

William N. Hamilton, William O. Braecklein, Asst. U. S. Attys., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

| 1950 | . . . . . 51% |
| 1951 | . . . . . 56% |
| 1952 | . . . . . 58% |
| 1953 | . . . . . 57% |
| 1954 | . . . . . 52% |

PER CURIAM.

This is petitioner's second appeal from an order of the court, which had sentenced him on his plea of guilty to bank robbery by assault and the use of a dangerous weapon, denying his motion [1] to vacate and set aside the judgment and sentence.

1. Filed pursuant to Sec. 2255, Title 28 U.S.C.

2. Williams v. United States, 5 Cir., 227 F. 2d 48.

3. Findings of Fact:
   (1) That on Aug. 13, 1952, petitioner waived grand jury indictment and entered a plea of guilty to a charge of attempted bank robbery in violation of Sec. 2113(a) and (d), Title 18, United States Code.
   (2) That on aforesaid date the petitioner was advised of his right to have the matter brought before the Grand Jury and be indicted if the Grand Jury should see fit and the petitioner waived indictment and elected to be proceeded against by information.
   (3) That at the time petitioner entered his plea, the meaning of a plea of guilty was explained to him and he stated that he understood its meaning.
   (4) That on aforesaid date petitioner was advised that no one has to plead guilty unless he feels he is guilty and should plead guilty; that he could fight his case and hire a lawyer and have witnesses, jury and trial; that if he were not able to hire a lawyer and felt that the case should be fought that the court would appoint an attorney for him.
   (5) On Nov. 8, 1954, petitioner filed motion to vacate sentence, which said motion was accompanied by a deposition in the form of an affidavit wherein petitioner swore that his plea of guilty to the 1952 charge was brought about by coercion on the part of federal and local officers.
   (6) On Jan. 26, 1955, an order was filed denying the motion to vacate sentence.
   (7) The petitioner was not brought before the Court for this hearing and the order was entered in his absence, a copy being forwarded to him.
   (8) On Nov. 7, 1955, I ordered that the prisoner be produced in Court.
   (9) On Nov. 17, 1955 I appointed Albert Morris, local attorney, to represent petitioner and set the date of the hearing for Dec. 3, 1955.

Because the order involved in the first appeal was entered without a hearing, it was reversed by this court,[2] and the cause was remanded with directions to afford petitioner a hearing on this motion. This appeal is from the order entered, after that hearing, upon findings and conclusions [3] which find full support

   (10) On Nov. 29, 1955, petitioner filed a motion requesting that he be permitted to submit to a lie detector test, which said motion was overruled on Dec. 1, 1955. On Dec. 2, 1955, petitioner filed an amended motion for permission to take such test, which said amended motion was denied on Dec. 3, 1955.
   (11) The prisoner was produced for the hearing heavily guarded, that is, by the United States Marshal and two of his deputies and petitioner was also chained which I permitted in the courtroom for the reasons that this was not a jury matter and because petitioner has a record of thirteen successful escapes from sundry penal institutions and jails.
   (12) The petitioner testified that two officers of the Federal Bureau of Investigation and two local officers assaulted and threatened him to such an extent that he confessed to a crime that he did not commit. He pointed out the two federal agents who were present in Court and testified that they were the persons who beat and threatened him. Also present at the hearing were J. W. Dellinger, Chief of Police, Taylor, Texas, and Rufus Pevehouse, Sheriff, Navarro County, Texas.
   (13) The F.B.I. Agents, Kennedy and Carlson, and local officers, Dellinger and Pevehouse, testified that from the time of petitioner's arrest until the preparation and signing of the confession he was never out of their presence. All four officers further testified that petitioner was never beaten or threatened in any manner whatsoever, that his confession was freely, voluntarily and quickly made and at no time did he deny his guilt.
   I find these four officers have no personal interest in this case and that the evidence was overwhelming that the testimony of the officers is true and that the affidavit and the testimony of the petitioner is false and untrue.
   I find that the petitioner entered his plea of guilty freely and voluntarily because he was guilty and threw himself upon the mercy of the court and that he was under no duress or coercion on Aug. 13, 1952, when he entered his plea.

in the record. These in turn furnish full support to the order denying the motion, and the order appealed from is affirmed

Conclusions of Law:

(1) The sentence imposed in this case was not in violation of the Constitution or laws of the United States.

(2) The Court had the requisite jurisdiction to impose the sentence.

(3) The sentence was not in excess of the maximum authorized by law.

(4) The sentence is not subject to collateral attack and the motion asking the court which imposed the sentence to vacate and set it aside is hereby in all things denied.